No. 24,745.

FRED L. BOLLINGER, *Appellee,* v. CHARLES E. SCHAFF, as Receiver of The Missouri, Kansas & Texas Railway Company, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Collision Between Automobile and Railroad Train—Conrtibutory Negligence—Question of Fact for Jury.* Upon the issue of contributory negligence this case is held to be controlled by *Bollinger v. Railway Co.,* 113 Kan. 124, 213 Pac. 644.

2. SAME—*No Error in Instructions.* Instructions complained of are held not to have been prejudicially erroneous.

3. SAME—*Verdict Not Excessive.* An allowance of $1,000 to a husband in consequence of injuries to his wife, resulting in her total incapacity for three months and permanent partial incapacity, is held not to have been excessive although no witness testified to the money value of her services, when it was shown that she did much of the work about a farm as well as housework.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion filed November 10, 1923. Affirmed.

*W. W. Brown,* and *Alfred G. Armstrong,* both of Parsons, for the appellant.
*B. Hudson,* and *Douglas Hudson,* both of Fort Scott, for the appellee.

The opinion of the court was delivered by

MASON, J.: 1. The receiver of the Missouri, Kansas & Texas Railway Company appeals from a judgment recovered by Fred L. Bollinger on account of injuries inflicted upon his wife, and upon a Ford car driven by her, in a collision with a train. A judgment in her favor because of her injuries in the same accident has already been affirmed. (Bollinger v. Railway Co., 113 Kan. 124, 213 Pac. 644.) The defendant urges that the established facts show that the plaintiff's wife was guilty of such contributory negligence as to bar his recovery as a matter of law, and that in this respect the case is distinguishable from that brought by her, upon the ground that here there was no evidence that the flagman was at the crossing only when a train was expected. The flagman testified specifically to that effect and also said that he cleaned up the depot and attended the water tank if anything got wrong. Later the court withdrew from the jury his evidence "that he had some janitor work about the depot and taking care of the water tank." We do not regard this as withdrawing from the jury's consideration the statement that he was only on the crossing when a train was coming. Moreover another witness testified that the flagman came out and tended to flagging just when he saw a train approaching but at other times attended to duties about the station. We see no such difference between the substantial facts as shown in the two cases as to warrant a different result or to require a further discussion.

2. A further contention is made that the giving of instructions concerning the needless leaving of cars on the tracks near the crossing and the degree of diligence required on the part of one suddenly placed in a dangerous position constituted error because they were not applicable to the evidence. The jury found the defendant's negligence to consist of excessive speed and the failure to have a flagman at the crossing, so that the first of the two instructions cannot have been prejudical. The other instruction was in the same words as one complained of on the same grounds in the appeal from the judgment in favor of Mrs. Bollinger and the decision in that case necessarily held it not to be materially erroneous.

3. Complaint is made of the amount allowed the plaintiff as compensation for the loss of his wife's services—$1,000. There was evidence that she did about everything there was to do on a farm except milk the cows, that she was disabled for three months, and

that her incapacity was permanent. No witness undertook to estimate the monetary value of her services. Especially in view of the permanent character of her disability the extent of the plaintiff's financial loss was necessarily a matter of estimate and we cannot say that the sum allowed was too excessive to stand.

The judgment is affirmed.