No. 45,548

LaVonne McLinn and Duane McLinn, *Appellants*, v. Roger A. Thompson, *Appellee.*

(466 P. 2d 270)

Opinion filed March 7, 1970.

Ronald L. Nieto, of Wichita, argued the cause, and Richard A. Render, Albert L. Kamas and Ward V. Lawrence, all of Wichita, were with him on the brief for the appellants.

Jerry G. Elliott, of Wichita, argued the cause, and George B. Powers, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Gerald Sawatzky, Donald L. Cordes, Robert L. Howard, Charles J. Woodin, Mikel L. Stout, Benjamin C. Langel, Phillip S. Frick, John E. Foulston, Stanley G. Andeel, John E. Neal, Frederick L. Haag and Richard D. Ewy, all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from a verdict in an action for damages for personal injuries received when the automobile in which plaintiff was riding was struck in the rear by another automobile.

The plaintiff, LaVonne McLinn, and her husband, Duane Mc-Linn, brought the action under K. S. A. 23-205 for loss or impairment of LaVonne's ability to perform services as a married woman and for damages to the automobile.

The defendant admitted liability and the case was submitted to the jury as to the amount of damage only.

The jury returned a verdict in favor of the plaintiff, LaVonne McLinn, in the amount of $1,000 and a verdict in favor of the husband in the amount of $500.

The plaintiffs have appealed.

The appellants state their position before this court as follows:

"As the defendant has admitted liability the only issue before this court is whether the trial court should have given an instruction defining plaintiffs' right to recover for an aggravation of pre-existing conditions and disabilities caused by the negligence of the defendant. . . ."

The appellants claim aggravation to pre-existing conditions and disabilities in two particulars—(1) lower back pains resulting from pregnancy and (2) anxiety or mental distress.

The appellee contends that the appellants' evidence shows nothing more than mental anguish, pain and suffering.

We are not inclined to present the testimony at great length. However, a brief quotation from each category will clearly present the issue.

As to the aggravation of lower back pains due to pregnancy there was medical testimony as follows:

"Q. All right. Did you have an opinion as to what condition she had as a result of her automobile accident in November of 1965?

"A. Yes.

"Q. And what was that, sir?

"A. I thought it was entirely conceivable that she could have sustained an acute back sprain from the type of injury despite the fact that the low-back is somewhat protected by the position of the seat of the car in this type of rear-end collision, and also considering the fact that low-back pain is extremely common in later months of pregnancy anyway, but this could have been aggravated to some degree by the injury."

On the question of aggravation of anxiety or mental distress there was medical testimony as follows:

"Q. Yes. So, what you're telling this jury is that basically this woman has the type of personality that if she is subjected to any form of stress that she has less tolerance for that stress than, let's say, the average human being would have.

"A. Yes, sir.

"Q. If she's faced with a crisis, she's liable to react differently or more hysterically than the average individual; wouldn't you say?

"A. Yes, that's right.

"Q. Now, the same goes for persons that are subjected to pain; wouldn't you say that some people can tolerate pain less than other people?

"A. Correct.

"Q. And pain would have a tendency to produce hysteria or anxiety in a person of this low mentality range; isn't that right?

"A. It would create more pain probably than in another person who was not so endowed, meaning who has different personality strength.

. . . . . . . . . . . . . . . .

"Q. This pain has persisted through medication, through traction, and everything, and the woman's attitude has changed into a person that has anxiety

about what's happening to her and she's like you found her the day you examined her. Now, Doctor, wouldn't you say with a degree of medical certainty that this accident triggered or activated the anxiety that you see in her the day that you tested her?

"A. Yes, sir."

We need not enter into a lengthy discussion of the weight and effect of the appellants' evidence. The trial court did instruct on the amount of appellants' recovery as follows:

"You may consider any of the following as were shown by the evidence:

"(a) Pain, suffering, or disabilities and any accompanying mental anguish suffered by the plaintiff to date and those she is reasonably certain to experience in the future;

"(b) The reasonable expenses of necessary medical care, hospitalization and treatment received and reasonable expenses of necessary medical care, hospitalization and treatment reasonably certain to be needed in the future.

"In arriving at the amount of your verdict you should consider plaintiff's age, *condition of health before and after, and the nature, extent and duration of her injuries.* For such items as pain, suffering, disability and mental anguish, there is no unit value and no mathematical formula the Court can give you. You should award such sum as will fairly and adequately compensate her." (Emphasis supplied.)

If the jury considered the condition of LaVonne's health before and after her injuries, as instructed by the court, it must have of necessity considered aggravation of pre-existing conditions and disabilities.

The instruction, when considered in connection with the other instructions, sufficiently covered the subject. All instructions are to be considered together in determining whether one of them is prejudicial, unless it is a clear and prejudicial misstatement of the law. (*State v. Turner*, 193 Kan. 189, 392 P. 2d 863; *Hughes v. Atkinson*, 188 Kan. 413, 362 P. 2d 618.)

It is true that we have a pattern instruction on the issue. (P. I. K. 9.43.) However, this does not mean that an instruction differently worded constitutes error. An instruction not prejudicially erroneous will not constitute grounds for reversal. (*Bollinger v. Railway Co.*, 114 Kan. 669, 220 Pac. 274.)

The judgment is affirmed.

APPROVED BY THE COURT.